IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KHAIRALLAH H. ALMATAIRI, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-13-499-R |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Commissioner issued a final decision denying Khairallah Almatairi's (Plaintiff) applications for disability insurance benefits and supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge David Russell referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Court affirm the Commissioner's decision.

**I. Administrative proceedings.**

In his applications for benefits, Plaintiff alleged that his impairments became disabling in August 2009. AR 131-34. The Social Security

Administration (SSA) denied Plaintiff's claims, and at his request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 32-58. In his August 2011 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 28. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-4, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, Plaintiff's burden shifts to proving that his impairment meets or equals any of the "listing of impairments" − those impairments that are considered "severe enough to prevent an adult from doing any gainful activity." 20 C.F.R. §§ 404.1525(a), 416.925; *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir.

2005). If Plaintiff proves that he has one or more severe impairments, but not one that meets or equals a "listed impairment," the ALJ will conduct a residual functional capacity (RFC)[2] assessment at step four to determine what, if anything, Plaintiff can still do despite his impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.912(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. Analysis.

Plaintiff alleges that his "lumbar impairment" meets or equals Listing 1.04(A) and that the ALJ erred in failing to discuss his negative finding at step three. Doc. 14, at 3-4, 7-12. The Commissioner argues that the ALJ's lack of discussion is harmless because he completed a sound step four analysis and Plaintiff lacks evidence that his lumbar impairment meets all the necessary criteria of Listing 1.04(A). Doc. 15, at 3-7. The undersigned

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

agrees with the Commissioner and recommends that the Court affirm the Commissioner's decision.

A.  **Standard for review.**

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). The Court may affirm the Commissioner's decision, despite the ALJ's error, "where, based on the material the ALJ did at least consider (just not properly), we [can] confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

B.  **The ALJ's findings.**

The ALJ found that Plaintiff: (1) meets the insured status requirements through December 31, 2014, (2) has not engaged in substantial gainful activity since August 2009, and (3) has severe "degenerative disc disease and impingement of the left shoulder with partial tear."[3] AR 21. Next, the ALJ stated that Plaintiff does not have an impairment or combination of impairments that meet or medically equal a "listed impairment." *Id.* The ALJ then opined that Plaintiff: (1) has the RFC to

---

[3]  Unless otherwise indicated, all quotations are reprinted verbatim.

perform light exertional work with some exertional limitations, and (2) can perform other jobs existing in significant numbers in the national economy. *Id.* at 21, 27-28.

### C. Plaintiff's challenge to the ALJ's step three finding.

"At step three, the ALJ determines whether the claimant's impairment 'is equivalent to one of a number of listed impairments that the Secretary acknowledges as so severe as to preclude substantial gainful activity.'" *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (citation omitted). In so doing, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled . . . ." *Id.*

As Plaintiff argues, the ALJ did not engage in such an analysis. Instead, before discussing any evidence, he simply made a finding that Plaintiff does not have an impairment that meets or equals a listed impairment. AR 21. Plaintiff alleges that this was legal error and claims that his lumbar impairment *does* meet or equal Listing 1.04(A). Doc. 14, at 7-12. The Commissioner argues that the legal error is harmless because Plaintiff's lumbar impairment *does not* meet or equal Listing 1.04(A). Doc. 15, at 3-7. The undersigned agrees with the Commissioner.

### 1. Listing 1.04(A).

Listing 1.04(A) describes "Disorders of the Spine," and for Plaintiff's lumbar impairment to meet or equal this listing he must have, in relevant part:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, App. 1, § 1.04(A). These symptoms must last, or be expected to last, for "at least 12 months." *Id.* § 1.00(B)(2)(a).

The Commissioner argues particularly that Plaintiff lacks evidence involving motor loss with reflex loss for any continuous 12-month period. Doc. 15, at 5-8. "Motor loss" may be demonstrated in two ways. First, an "[i]nability to walk on the heels or toes, to squat, or to arise from a squatting position, when appropriate, may be considered evidence of significant motor loss." 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.00(E). Second, "atrophy" may be substantial evidence of significant motor loss, but only if detailed measurements and descriptions support such a diagnosis. *Id.*

### 2. Plaintiff's evidence.

The record establishes that Plaintiff has no atrophy findings, and while he has occasionally suffered from an inability to heel-to-toe walk and some

reflex loss, neither condition has continued or been expected to continue for a 12-month period of time.

In August 2009, the month Plaintiff alleges that he became disabled, a Magnetic Resonance Imaging (MRI) scan revealed that he had a "L5-S1 herniated nucleus pulposus with bilateral radicular symptoms left greater than right." AR 253. Dr. Richard Thomas noted that Plaintiff was in the "acute state of his injury." *Id.* Upon examination, however, Plaintiff was "able to heel and toe walk without difficulty," and denied "weakness throughout the lower extremities." *Id.* at 252-53. Plaintiff scored a "5/5" on each "lower extremity strength" test and had a "negative Babinski response"[4] and normal reflex responses. *Id.* at 252.

One month later, in September 2009, Plaintiff was able to ambulate "with a steady nonantalic gait" and his "[m]otor exam [was] strong to plantar flexors, dorsiflexors, and EHL." *Id.* at 251. Plaintiff "note[d] no weakness." *Id.* Plaintiff's motor exam was again "strong throughout the lower extremities" in October 2009, *id.* at 250, and in November 2009, Plaintiff demonstrated normal reflex responses and received full scores on his lower extremity strength tests. *Id.* at 249.

---

[4] A negative Babinski response indicates a normal reflex test. *See Byers v. Comm'r. of Soc. Sec.*, No. 1:13-cv-339, 2014 WL 701597, at *8 n.8 (W.D. Mich. Feb. 24, 2014) (unpublished order); *see also* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0003778/ (last visited Mar. 6, 2014).

7

On March 11, 2010, Dr. Thomas examined Plaintiff and found "[p]erhaps mild giveaway weakness and left dorsiflexion." *Id.* at 248. Dr. Thomas opined however, that "[i]t is difficult to tell if this is secondary to pain." *Id.* Two weeks later, Dr. Thomas again examined Plaintiff before performing a "[l]eft L4-5 hemilaminotomy with microdiscectomy." *Id.* at 288-89. At this appointment, Plaintiff was able to ambulate with a steady gait and demonstrated full muscle strength and normal reflexes. *Id.* at 288.

In June 2010, Dr. Bill Buffington conducted a disability evaluation for Plaintiff. *Id.* at 255-60. At that time, Plaintiff demonstrated an inability to heel-to-toe walk, but his reflexes and strength were normal. *Id.* at 258-60. One month later, Plaintiff presented with normal reflexes and full strength on motor exam. *Id.* at 264. In September 2010, Plaintiff showed signs of depressed reflexes, diminished strength, and difficult "[t]oe and heel walking." *Id.* at 347. Finally, in April 2011, Dr. Warren Low opined that Plaintiff's reflexes and strength were "good" but "may be a little diminished on the left." *Id.* at 353.

Examining this evidence, the undersigned finds that Plaintiff certainly suffers from a severe lumbar impairment and that, at times, the impairment has included mild symptoms of decreased strength and reflexes. However, Plaintiff lacks evidence that for any 12-month period of time he had sufficient

8

motor loss, with accompanied reflex loss, for purposes of meeting or equaling Listing 1.04(A).

### D. Summary.

Although the ALJ did not specifically discuss his findings at step three, he did evaluate the evidence and make specific findings involving Plaintiff's RFC and his ability to perform other work in the national economy. *Id*. at 22-28. Plaintiff does not challenge these findings. Further, Plaintiff lacks evidence that his impairment meets or equals Listing 1.04(A), and the undersigned concludes that no reasonable factfinder, following the correct analysis, could have resolved that question in any other manner. "Thus, any deficiency in the ALJ's articulation of his reasoning to support his step three determination is harmless." *Fischer-Ross*, 431 F.3d at 735 (holding that the ALJ's failure to make specific findings at step three was harmless error where the ALJ made "confirmed findings at steps four and five" and no reasonable factfinder could disagree that claimant's impairment did not meet or equal a listing at step three).

## IV. Recommendation and notice of right to object

For the reasons discussed above, the undersigned recommends that the Commissioner's decision be affirmed.

The parties are advised of their right to object to this report and recommendation by the 3rd day of April, 2014, in accordance with 28 U.S.C. §

636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 12th day of March, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE