# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KHAIRALLAH H. ALMATAIRI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-13-499-R** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered March 12, 2014 [Doc. No. 16] and Plaintiff's objection to the Report and Recommendation filed March 16, 2014 [Doc. No. 17]. In seeking relief with regard to his application for disability insurance benefits and social security benefits, Plaintiff argues that the administrative law judge erred in his assessment of Plaintiff's lumbar impairment at step three. Judge Mitchell recommends that the decision of the administrative law judge be affirmed, because any error of the administrative law judge at step three was harmless in light of his thorough step four analysis, and because Plaintiff's evidence did not support a finding that he met Listing 1.04(A). Plaintiff objects to the conclusion, giving rise to Court's obligation to conduct a *de novo* review of the Report and Recommendation.

As the parties are well aware, the sequential analysis employed by an administrative law judge in assessing eligibility for disability benefits consists of five steps, only one of which is directly relevant to this case. At step three, an administrative law judge is required

to identify the listing or listings that are relevant and applicable in a particular case. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996). The administrative law judge must also discuss the evidence and his reasons for concluding that a claimant does not meet or equal a relevant and applicable listing. *See id.* In this case, the listing 1.04A was clearly a relevant and applicable listing, and it is undisputed that the ALJ failed to make any reference to that listing. Further, by the administrative law judge failing to identify that listing, it logically follows that he likewise failed to discuss the evidence and his reasons for determining that Plaintiff's impairments did not meet or equal listing 1.04A. The Court concurs with Judge Mitchell that these failures constitute an error. This error, however, is not necessarily reversible, contrary to Plaintiff's contention.

As stated by the Court in *Murdock v. Astrue*, 458 Fed.App'x 702 (10th Cir. 2012):

> A step three error, such as the one in this case, does not automatically require remand. Instead, [the court] must consider whether "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." *Fischer–Ross v. Barnhart*, 431 F.3d 792, 734 (10th Cir.2005). If such findings "conclusively preclude [a c]laimant's qualification under the listings at step three" such that "no reasonable factfinder could conclude otherwise," then any step three error is harmless. *Id.* at 735. If, however, there are no findings that "conclusively negate the possibility" that a claimant can meet a relevant listing, *see id.*, we must remand to the ALJ for further findings, *see Clifton*, 79 F.3d at 1009–10.

*Id.* at 703-04. As concluded by Judge Mitchell, the administrative law judge did evaluate the evidence and make specific findings about Plaintiff's residual functional capacity and his ability to perform other work in the national economy, and Plaintiff does not challenge these findings in any respect. Additionally, Judge Mitchell has correctly concluded that no

reasonable factfinder, utilizing the correct analysis, could have resolved the issue of Plaintiff's disability at step three in any other manner, rendering the error harmless. Accordingly, the Court hereby rejects Plaintiff's first objection, and turns to his second contention, that the Report and Recommendation should be rejected because it improperly imposed a twelve-month time requirement for subpart A of Listing 1.04.

The issue of whether Plaintiff met the twelve-month duration was raised by the Commissioner in response to Plaintiff's opening brief before the Magistrate Judge. "The Commissioner respectfully submits that the evidence of record shows while there may be instances where Plaintiff has some of the criteria, Plaintiff did not meet his burden of proving he had all the medical criteria of Listing 1.04A for the required continuous 12 months." Doc. No. 15, Response Brief, p 5. Thereafter, despite the scheduling order granting Plaintiff seven days in which to file a reply brief, Plaintiff chose not to file a brief to address the duration issue. Accordingly, Plaintiff never presented his position on this argument to the Magistrate Judge. Issues not raised before the Magistrate Judge are deemed waived, and thus not subject to review by this Court. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir.2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Accordingly, Plaintiff is not entitled to relief on this basis.

For the reasons stated herein, the Court hereby adopts the Report and Recommendation issued by Judge Mitchell, concluding, as she did, that the error of the

administrative law judge was harmless, and Plaintiff is not entitled to relief against the Commissioner. Judgment shall be entered accordingly.

IT IS SO ORDERED this 16th day of April, 2014.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE